United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ABDELFATAH ELLAWENDY,<br><br>Plaintiff,<br><br>v.<br><br>JOHN FERRERA, et al.,<br><br>Defendants. | Case No. 20-CV-07757-LHK<br><br>**ORDER DISCONTINUING IN FORMA PAUPERIS STATUS** |

Before the Court is the Ninth Circuit's referral to this Court for a determination of whether to continue Plaintiff AbdelFatah Ellawendy's ("Plaintiff") in forma pauperis status. 9th Cir. Case No. 21-16431, ECF No. 2. Having considered the relevant law and the record in this case, the Court DISCONTINUES Plaintiff's in forma pauperis status.

Rule 24(a)(3) of the Federal Rules of Appellate Procedure provides that a party granted leave to proceed in forma pauperis in district court may continue in that status on appeal unless the district court certifies that the appeal is not taken in good faith. Section 1915(a)(3) of Title 28 of the United States Code similarly provides that an appeal may not be taken in forma pauperis if the trial court certifies it is not taken in good faith. "Not taken in good faith" means "frivolous." *Ellis v. United States*, 356 U.S. 674, 674–675 (1958); *Hooker v. American Airlines*, 302 F.3d 1091,

1

1092 (9th Cir. 2002) (revocation of forma pauperis status is appropriate where the district court find the appeal to be frivolous). The Supreme Court has directed, "[u]nless the issues raised are so frivolous that the appeal would be dismissed in the case of a nonindigent litigant, the request of an indigent for leave to appeal in forma pauperis must be allowed." *Ellis*, 356 U.S. at 675.

On October 30, 2020, Plaintiff filed his complaint. ECF No. 1. On November 3, 2020, Plaintiff filed an application to proceed in forma pauperis. ECF No. 2.

On November 6, 2020, United States Magistrate Judge Nathanael Cousins granted Plaintiff's application to proceed in forma pauperis, screened Plaintiff's complaint under 28 U.S.C. § 1915, concluded that Plaintiff's complaint failed to state a claim for relief, and granted Plaintiff an opportunity to amend his complaint. ECF No. 7.

On December 4, 2020, Judge Cousins screened Plaintiff's amended complaint and again gave Plaintiff leave to amend. ECF No. 9.

On January 27, 2021, Judge Cousins screened Plaintiff's second amended complaint, again granted leave to amend, instructed Plaintiff to cure the deficiencies in the complaint, and notified the Plaintiff that if Plaintiff again failed to state a claim, Judge Cousins would recommend dismissal. ECF No. 20. Judge Cousins notified Plaintiff that Plaintiff could "not add any additional parties or claims without leave of the Court." *Id.* Judge Cousins also explicitly directed the Plaintiff to the Federal Pro Se Program so that Plaintiff could receive help with his complaint. *Id.*

On April 23, 2021, Plaintiff filed a Third Amended Complaint. ECF No. 27 ("TAC").

On May 10, 2021, Judge Cousins issued an order reassigning this case to a district judge and a Report & Recommendation recommending that the district judge dismiss this case because Plaintiff had—for the fourth time—failed to state a claim against the defendants. ECF No. 28 at 1–2. Judge Cousins also explained that Plaintiff had improperly added new claims and parties without the leave of court. ECF No. 28 at 1–2.

On May 19, 2021, Plaintiff timely filed objections to the Report & Recommendation. ECF No. 30. Plaintiff objected to the Report and Recommendation's statement that Plaintiff had not

identified how the defendants acted under color of state law. ECF No. 30 ¶¶ 2–3.

On August 17, 2021, the Court adopted the Report & Recommendation and dismissed the case without prejudice. ECF No. 33. The Court analyzed the Plaintiff's contention that Judge Cousins incorrectly concluded that Plaintiff failed to identify how defendants—Plaintiff's public defender and the district attorney who prosecuted Plaintiff—acted under color of state law. *Id.* at 3. The Court agreed with Judge Cousins. Defendant Michael Belter was not acting under color of state law while serving as Plaintiff's public defender. ECF No. 33 at 3 (citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.")). Likewise, Plaintiff could not sue Defendant John Ferrera for prosecuting Plaintiff because prosecutors performing the "traditional functions of an advocate" are entitled to absolute immunity from liability for damages under § 1983. ECF No. 33 at 3 (citing *Genzler v. Longanbach*, 410 F.3d 630, 636 (9th Cir. 2005)). The Court stated that, for the same reasons, claims also could not be brought against the additional defendants that Plaintiff added. *Id.*

On August 31, 2021, Plaintiff filed a notice of appeal to the Ninth Circuit. ECF No. 35. On September 2, 2021, the Ninth Circuit referred this matter to the Court "for determination whether in forma pauperis status should continue for this appeal." 9th Cir. Case No. 21-16431, ECF No. 2.

The Court concludes Plaintiff's in forma pauperis status should not continue on appeal. After Plaintiff's Third Amended Complaint contained seven faulty causes of action, none of which stated a claim against defendants. Five of those causes of action were brought against Defendant Belter (Plaintiff's former public defender), Defendant Ferrera (the District Attorney who prosecuted Plaintiff), the Monterey County District Attorney, and the Monterey County Public Defender under 42 U.S.C. § 1983 for alleged violations of five separate constitutional amendments. ECF No. *Id.* ¶¶ 20–23, 26–31. Plaintiff also alleged that Defendant Ferrera violated 25 C.F.R. § 11.448, a Bureau of Indian Affairs regulation. Lastly, Plaintiff alleged that the District Attorney "intended to cover" for Plaintiff's ex-girlfriend and "[i]gnore her wrongdoing."

*Id.* ¶ 33.

Plaintiff's appeal is legally "frivolous" for four reasons. First, Defendants Ferrera and the Monterey County District Attorney are immune from suits brought under 42 U.S.C. § 1983. As Judge Cousins explained, neither of these defendants was acting under color of state law. Defendant Ferrera and the Monterey County District Attorney are entitled to "absolute immunity when performing the traditional functions of an advocate." *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997). The Ninth Circuit has previously denied a motion to appeal in forma pauperis when the named defendants are "absolutely immune from liability for the acts charged under the principle of law to which reference has been made." *John v. Gibson*, 270 F.2d 36, 39 (9th Cir. 1959) (per curiam). Because Defendant Ferrera and the Monterey County District Attorney are immune from suit, Defendant's constitutional claims against them are frivolous.

Second, Defendant Belter and the Monterey County Public Defender cannot be sued under 42 U.S.C. § 1983, because neither defendant was acting under color of state law. The Supreme Court has held that public defenders, like Defendant Belter, "[do] not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Dodson*, 454 U.S. at 325. Because suits under 42 U.S.C. § 1983 can only be brought against persons who act "under color" of state law, and because neither Defendant Belter nor Defendant Monterey County Public Defender were acting under color of state law while representing Plaintiff, Plaintiff's claims against these two defendants are frivolous.

Third, Plaintiff did not make sufficient allegations to support his use of the Bureau of Indian Affairs Regulation, 25 C.F.R. § 11.448. Although it is true that 25 C.F.R. § 11.448 makes it a crime for a person in his or her official capacity to knowingly subject a person to an illegal search, seizure, or arrest, this regulation only applies in Indian Country. *See* 25 C.F.R. § 11.104 ("The regulations in this part continue to apply to each area in Indian Country . . . until either . . . [the Bureau of Indian Affairs] and the tribe enter into a contract or compact for the tribe to provide judicial services; or . . . [t]he Tribe has put into effect a law-and-order code that establishes a court system . . . ."); *see also id.* § 11.114(a) ("Except as otherwise provide in this title each Court of

4
Case No. 20-CV-07757-LHK
ORDER DISCONTINUING IN FORMA PAUPERIS STATUS

1   Indian Offenses has jurisdiction over any action by an Indian . . . that is made a criminal offense

2   under this part and that occurred within the Indian country subject to the court's jurisdiction.").

3   There is simply no evidence contained in Plaintiff's TAC that supports the application of a

4   regulation that typically applies to Courts of Indian Offenses to Monterey County district

5   attorneys. Plaintiff's claim brought under this regulation is therefore frivolous.

6         Fourth, Plaintiff seems to assert that the Monterey County District Attorney is violating the

7   law by not "press[ing] charges" against Plaintiff's alleged ex-girlfriend and for "[i]gnoring her

8   wrongdoing[.]" TAC ¶ 33. Plaintiff did not cite to any law establishing a private cause of action

9   for "connivance," despite being notified of this problem by Judge Cousins. *See* Order Screening

10  Complaint Under 28 U.S.C. § 1915 at 3, No. 20-cv-07757 (Dec. 4, 2020), ECF No. 9.

11  Furthermore, it is unclear whether it is possible for Plaintiff to sue the District Attorney for failure

12  to prosecute someone. *United States v. Banuelos-Rodriguez*, 215 F.3d 969, 976–977 (9th Cir.

13  2000) ("Courts generally have no place interfering with a prosecutor's discretion regarding whom

14  to prosecute . . . ."). Because Plaintiff failed to identify a basis for his "connivance" cause of

15  action, despite being advised that his allegations were insufficient, Plaintiff's "connivance" cause

16  of action is frivolous.

17        Judge Cousins recommended that this case be dismissed because, after Plaintiff filed four

18  different versions of his complaint, Plaintiff still failed to state a claim against the Defendants.

19  The seven causes of action that Plaintiffs pleaded on his fourth attempt either cannot be stated

20  against Defendants or are not applicable to the facts of his case. Plaintiff's appeal is therefore

21  frivolous. Thus, Plaintiff's in forma pauperis status is DICONTINUED for the purposes of

22  appeal.

23        Based on the foregoing, pursuant to 28 U.S.C. § 1915(a)(3), the Court hereby

24  DISCONTINUES Plaintiff's in forma pauperis status. The Clerk shall notify the Ninth Circuit of

25  the Court's instant order.

27  **IT IS SO ORDERED.**

5

Case No. 20-CV-07757-LHK
ORDER DISCONTINUING IN FORMA PAUPERIS STATUS

Dated: October 1, 2021

_____
LUCY H. KOH
United States District Judge

6
Case No. 20-CV-07757-LHK
ORDER DISCONTINUING IN FORMA PAUPERIS STATUS